IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK McCLARY,

       Plaintiff,                         CIV S-11-1226 GGH

     vs.

MICHAEL J. ASTRUE,                    ORDER
Commissioner of Social Security,

       Defendant.

_____/

         Presently before the court is the Commissioner's motion to amend the judgment pursuant to Fed. R. Civ. P. 59(e), filed July 26, 2012. The Commissioner represents that the motion is unopposed. Defendant objects to this court's substance abuse analysis in Section B. of the order disposing of the parties' cross-motions for summary judgment. (Dkt. no. 23 at 13-18.) The Commissioner requests either that this section of the order be deleted, or in the alternative that the court amend the order to clarify that on remand the ALJ "should conduct the materiality analysis only if he concludes that Plaintiff satisfies the definition of disability."

         Fed. R. Civ. P. 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Parties seeking reconsideration should demonstrate "new or different facts or circumstances [which] are claimed to exist which

1

did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230 (j); see United States v. Alexander, 106 F.3d 874, 876 (9th Cir.1997) (reconsideration appropriate for a change in the controlling law, facts, evidence, or other circumstances; a need to correct a clear error; or a need to prevent manifest injustice); see also School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985). The standards "reflect[ ] district courts' concern for preserving dwindling resources and promoting judicial efficiency." Costello v. United States Government, 765 F.Supp. 1003, 1009 (C.D. Cal.1991). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (internal citation omitted). A party may not "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id.

The undersigned found in determining the cross-motions for summary judgment that the record was replete with suggestions of drug and alcohol abuse, and that remand was necessary in part for an appropriate analysis of whether plaintiff's addiction is a contributing factor material to disability pursuant to 42 U.S.C. § 423(d)(2)(C). See Bustamante v. Massanari, 262 F.3d 949 (9th Cir. 2001). In a separate section, the undersigned determined that remand was

also necessary because the ALJ improperly relied on a non-examining physician's report that was not based on independent evidence. In determining that remand additionally was necessary for a proper substance addiction analysis, the opinion clearly outlined the steps required in Bustamante. The Commissioner misapprehends the order. For example, the order states "that the ALJ should first determine pursuant to the five step inquiry, whether, including drug addiction or alcoholism, an applicant is disabled. Bustamante, 262 F. 3d at 953-55. Only after finding an applicant disabled, does the ALJ determine whether the applicant would still be disabled if he or she stopped using drugs or alcohol. Id. at 954." (Dkt. no. 23 at 14.)

      The Commissioner argues that the plaintiff was found not disabled "even with his substance abuse." The undersigned disagrees with this reading of the ALJ's opinion. The opinion analyzes the substance abuse only at step two, and thereafter only in regard to rejecting the opinions of treating and examining physicians, discussing plaintiff's credibility. (Tr. at 13-14, 18.) As required by Bustamante and outlined in the order, the ALJ may need to consider each of the steps twice, first with substance abuse considered, and then *if* there is a finding of disability, with substance abuse taken out of the analysis. (Dkt. no. 23 at 15.) (emphasis added). The undersigned specifically stated that the Commissioner was to reassess the case and "if necessary," resubmit the question to a medical professional. The terms of the order were clear throughout and require no further clarification.

      The court fully recognizes that not every mention of alcohol and/or drug usage in the medical records requires a Bustamante analysis. There may be usage of such substances that are so sporadic and light that their use would not have more than a *de minimis* effect on the ability of a person to work, i.e., their use would not even be a severe impairment. If such is the case, the Commissioner is correct – the analysis proceeds without further mention of the alcohol and/or drug usage. On the other hand, where the record so strongly intimates that the substance usage would have more than *de minimis* effect, that usage cannot simply become glossed over because its analysis is too cumbersome, or otherwise too difficult, or not presently preferred

1  social policy.  Controlling statutes and expressed Congressional intent are not to be ignored for
2  whatever reason.
3       The latter situation is present here.  The ALJ thought the alcohol and drug usage
4  important enough here to reference it at Step 2 of the analysis and denote it as an "impairment,"
5  albeit in a confusing manner– "a history of alcohol abuse in reported recent admission."  But far
6  more to the point here is that the ALJ used plaintiff's undoubted alcohol and poly drug use to
7  criticize the findings of medical personnel with whom he disagreed; he expressly found that the
8  substance usage *did* affect plaintiff's limitations.  As set forth in the order, the ALJ noted the
9  reports of medical personnel that "'Clt [plaintiff] is not acknowledging his alcohol abuse could
10 be negatively affecting his mental health issues.'"  Order at 16.  The ALJ further noted "that Dr.
11 Aderyermo *failed to consider* both plaintiff's lack of compliance with medications *and relapses*
12 *in alcohol and drug use*."  Id. (Emphasis added).  "The ALJ also critiqued Dr. White's opinion,
13 noting her opinion that plaintiff could work if he continued to comply with his alcohol
14 rehabilitation program, but stating that based on his relapses, the ALJ *was not convinced that*
15 *plaintiff's limitations were 'involuntary and not related to alcohol abuse and drug use.*'" Id.
16 (Emphasis added).  In view of the record and the ALJ's stated findings that alcohol and drug
17 usage did seriously affect plaintiff's limitations, the entire Bustamante analysis had to be
18 performed.
19       Accordingly, IT IS ORDERED that: the Commissioner's motion to amend the
20 judgment, filed July 26, 2012, (dkt. no. 25), is denied.
21 DATED: August 23, 2012

                       /s/ Gregory G. Hollows
                       UNITED STATES MAGISTRATE JUDGE

GGH/076/McClary1226.mtn.wpd

4